**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **STAR FUEL CENTERS, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FULL STOP, INC., et al.,**<br><br>**Defendants.** | **)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)** | **CIVIL ACTION**<br><br>**No. 06-2207-CM** |

**ORDER**

Plaintiff Star Fuel Centers, Inc. filed the instant lawsuit on April 28, 2006 in the District Court of Johnson County, Kansas, against defendants Full Stop Inc., Full Stop I, LLC, Full Stop II, LLC, Bernadette Flores, Eric Flores (collectively the "Full Stop defendants"), and Alpha Petroleum Company. On May 19, 2006, the Full Stop defendants removed the case to the United States District Court for the District of Kansas on the basis that their counterclaim establishes federal question jurisdiction pursuant to the Petroleum Marking Practices Act, 15 U.S.C. § 2801 *et seq*.

Plaintiff filed a Motion to Remand to State Court on June 15, 2006 (Doc. 7), arguing that (1) federal question jurisdiction cannot be based solely on a counterclaim; (2) a contract at issue in one of plaintiff's claims provides for a mandatory forum selection clause designating the District Court of Johnson County, Kansas; and (3) defendant Alpha Petroleum did not join in the removal as required by Tenth Circuit caselaw. Plaintiff also requests attorney fees and expenses incurred in connection with removal. In response, the Full Stop defendants, apparently recognizing their mistake, agree to remand the case to state court. The court hereby remands the case to state court.

At issue is plaintiff's request for attorney fees and costs associated with responding to the Full Stop defendants' improper removal. The court's order remanding an action "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The decision whether to award costs, however, is discretionary. *See Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 710 (2005). The key factor is the propriety of the defendants' removal, *see Daleske v. Fairfield Cmties.*, 17 F.3d 321, 324 (10th Cir. 1994) (citation omitted), but a finding of bad faith is not a prerequisite to awarding fees and costs, *id*. When the removing party has an objectively reasonable basis for removal, the court should not award fees. *Martin*, 126 S.Ct. at 711.

The Full Stop defendants' sole argument against the court awarding plaintiff fees and costs is that removal was objectively reasonable because the Petroleum Marketing Practices Act expressly provides for federal jurisdiction and the litigation was not delayed by the removal. Notably, the Full Stop defendants did not discuss the pertinent contract's forum selection clause or the fact that defendant Alpha Petroleum did not join in the removal. For several reasons, the court finds that the Full Stop defendants' removal of this case was not objectively reasonable.

First, a defendant may remove a case filed in state court only if the plaintiff could have filed suit in federal court originally. 28 U.S.C. § 1441(a). A counterclaim is not a proper basis for removal. *See In re Adoption of Baby C*, 323 F. Supp. 2d 1082, 1085 (D. Kan. 2004) (citing *Mountain Fuel Supply Co. v. Johnson*, 586 F.2d 1375, 1380 (10th Cir. 1978)). As acknowledged by the Full Stop defendants, plaintiff's claims do not assert a federal question or meet the requirements of diversity jurisdiction.

Second, forum selection clauses are "'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances.'" *Excell, Inc. v.*

*Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 320 (10th Cir. 1997) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15 (1972)). Here, the parties' "Wholesale Supply Agreement for the Randolph Store," the contract at issue in plaintiff's Count One, includes a mandatory forum selection clause:

> Buyer [Full Stop] agrees that the sole and exclusive forum for any legal proceedings between the parties shall be the District Court of Johnson County, Kansas. Buyer waives its right to remove any action to federal court and the right to dismiss or transfer any legal proceeding under the doctrine of forum non conveniens.

(Doc. 8, Ex. A). The court finds that this forum selection clause does not appear to be unfair or unreasonable given that each of the defendants' addresses listed on the state court petition are in Johnson County, Kansas. *Id.* at 321.

Third, the Tenth Circuit has held that all the defendants in an action must join in the removal. *Sheet Metal Workers Int'l Assoc. v. Seay*, 693 F.2d 1000, 1005 (10th Cir. 1982) (citing *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981)). Here, defendant Alpha Petroleum did not join in the removal.

Finally, even if removal did not substantially delay litigation, as the Full Stop defendants assert, plaintiff was required to devote time and resources responding to a facially meritless motion. As such, plaintiff is hereby ordered to submit an accounting of its attorney fees and costs that relate to the improper removal of this action.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Remand to State Court on June 15, 2006 (Doc. 7) is granted.

**IT IS FURTHER ORDERED** that the court awards plaintiff reasonable attorney fees and costs incurred as a result of the Full Stop defendants' improper removal. **Plaintiff shall submit an accounting of its attorney fees and costs within twenty (20) days of this Memorandum and Order.**

Dated this 18th day of July 2006, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**